IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JENNIFER ROBERTS, individually and on behalf of her minor children, T.F., E.F., and A.F.,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD BELL; LAKE COUNTY; and DOES 1-10,<br><br>Defendants. | CV 17-65-M-DLC-JCL<br><br>FINDINGS & RECOMMENDATION |

Plaintiff Jennifer Roberts brings this action against Donald Bell and Lake County, alleging claims under 42 U.S.C. § 1983 and state law theories of recovery. Defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Plaintiff's § 1983 claims should be dismissed and the Court should decline to exercise supplemental jurisdiction over her state law claims.

## I. Background

On February 27, 2017, Roberts' mother, Cheryl Ann Brown, died in an automobile accident when the vehicle she was driving crashed with a school bus on a highway in Lake County, Montana. Lake County Sheriff Donald Bell responded to the scene of the accident and took several photographs, which he then posted on the Lake County Sheriff's Office Facebook page. Local media outlets reposted the photographs on their media sites, and the images were picked up by various entities and reposted around the internet.

As Roberts describes them, the photographs depict the body of her deceased mother. Roberts alleges she and her minor child, A.F., suffered severe emotional distress after seeing the images on Facebook. Roberts further claims that internet users have forwarded the photographs to her and her minor children, causing them repeated severe emotional distress.

Roberts commenced this action in May 2017, alleging claims under 42 U.S.C. § 1983 against both Defendants for allegedly depriving her of her substantive due process rights under the Fourteenth Amendment. She also alleges state law claims against Defendants for negligence and violations of her rights under the Montana Constitution. Defendants have filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

While it is not typically appropriate to consider material beyond the complaint on a Rule 12(b)(6) motion to dismiss, the court may consider exhibits attached to the complaint, matters that are subject to judicial notice, or documents necessarily relied on by the complaint whose authenticity no party questions. See e.g. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los*

*Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## III. Discussion

### A. Federal Claims - 42 U.S.C. § 1983

#### 1. Sheriff Bell

In Count I of her Complaint, Roberts alleges that Bell is liable in his individual capacity under 42 U.S.C. § 1983 for violating her substantive due process rights under the Fourteenth Amendment to the United States Constitution by posting photographs showing the body of her deceased mother on the internet. (Doc. 1, at 5-7).

To prevail on an individual capacity claim under § 1983, a plaintiff must show "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990). When qualified immunity is at issue, a plaintiff must also show that the constitutional right was clearly established at the time of the alleged violation. See e.g. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000).

Defendants do not dispute that Bell was acting under color of state law when the conduct complained of took place. And for purposes of their motion, Defendants assume that Roberts has a well established constitutionally protected right in images of her dead mother. Defendants make this assumption based on

*Marsh v. County of San Diego*, 680 F.3d 1148, 1153-55 (9th Cir. 2012), in which the Ninth Circuit held that the substantive due process guarantees of the Fourteenth Amendment protect a parent's right of privacy in the death images of a child.

The plaintiff in *Marsh* alleged the defendant violated her substantive due process right by disseminating an autopsy photograph of her young son to the press. The plaintiff claimed she "suffered severe emotional distress, fearing the day that she would go on the Internet and find her son's hideous autopsy photos displayed there." *Marsh*, 680 F.3d at 1155.

The Ninth Circuit found that the plaintiff's fear was "not unreasonable given the viral nature of the Internet, where she might easily stumble up on photographs of her dead son on news websites, blogs or social media websites." *Marsh*, 680 F.3d at 1155. The court recognized that "[m]utilation of a deceased family member's body, desecration of the burial site and public display of death images are the kind of conduct that is likely to cause the family profound grief and therefore 'shocks the conscience' and 'offends the community's sense of fair play and decency.'" *Marsh*, 680 F.3d at 1155. *Marsh* thus held that under the circumstances presented, disseminating an autopsy photograph of the plaintiff's dead son to the press was sufficiently shocking to violate the plaintiff's substantive due process right. *Marsh*, 680 F.3d at 1155.

Substantive due process protects individuals from arbitrary deprivations of their constitutional rights through the executive abuse of power. See *Brittain .v Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). But "only the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Brittain*, 451 at 991 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1988)). Thus as made clear by the Ninth Circuit in *Marsh*, to violate a plaintiff's substantive due process rights, "the alleged conduct must 'shock the conscience' and 'offend the community's sense of fair play and decency'." *Marsh*, 680 F.3d at 1154 (quoting *Rochin v. California*, 342 U.S. 165, 173-73 (1952)). See also *Wilkinson v. Torres*, 610 F.3d 546, 554 (2013).

When an executive official – like Bell in this case – has time to deliberate his actions but nevertheless is deliberately indifferent, his deliberate indifference may suffice to shock the conscience. *Hayes v. County of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013). It is important to note that "following the Supreme Court's enunciation of the shocks the conscience test in *Lewis,* [the Ninth Circuit] has distinguished the 'purpose to harm' standard from the 'deliberate indifference' standard, recognizing that the overarching test under either is whether the officer's conduct 'shocks the conscience.'" *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (citation omitted).

The shocks the conscience test is an objective one, to be applied to the

circumstances of the particular case. See *County of Sacramento*, 523 U.S. at 857. See also *Brittain*, 451 F.3d at 993 n. 3 (recognizing that objective reasonableness is one means of assessing whether certain actions meet the shocks the conscience standard). The United States Supreme Court and the Ninth Circuit have both "indicated that whether conduct shocks the conscience can be an issue of law that the Court may decide based on undisputed facts." *Cotta v. County of Kings*, 79 F.Supp.3d 1148, 1178-79 (E.D. Cal. 2015) (citing several cases).

Defendants argue Roberts fails to state a viable substantive due process claim because even taking the allegations in the Complaint as true, Bell's conduct in posting photographs of the accident scene on Facebook did not shock the conscience. In effect, Defendants are asking the Court to review the photographs and determine as a matter of law whether they shock the conscience.

Defendants have submitted copies of the photographs in support of their motion. (Doc. 5-1). Roberts has submitted another copy of one of the same photographs with her response brief. (Doc. 8-1). While the parties describe the photographs differently, they do not dispute their authenticity. Because the photographs are central to Roberts' claims and their authenticity is not in question, the Court may consider them for purposes of ruling on Defendants' motion.

The photographs show the scene of the accident from different perspectives. (Doc. 5-1). Some of the photographs contain images of the school bus involved in

the accident, and others show the wreckage of the vehicle driven by Roberts' mother. Roberts focuses on one photograph in particular, which she describes in her response brief as showing her mother's "bloody body"[1] still in the driver's seat of her vehicle, "partially covered by a blue blanket or tarp, with her bloody arm dripping blood onto the floor of the vehicle and the ground." (Doc. 8, at 6). This was the image that Bell posted on Facebook, and the image that Roberts claims caused her and her children emotional distress.

Unlike the "hideous autopsy photos" in *Marsh*, the photographs at issue here do not primarily depict the death image of the plaintiff's family member. Most of the photographs are of the vehicles at the accident scene and do not contain any death images of Roberts' mother. The one photograph that Roberts focuses on shows the wreckage of her mother's vehicle and her mother's body still in the driver's seat covered by a blue tarp. Although it is not entirely clear, the photograph also shows what may be a bloody arm extending from under the tarp. Even assuming the photograph shows an exposed arm, the driver's body is otherwise covered and the image is not so graphic as to be one that objectively shocks the conscience. The Court thus finds as a matter of law that Bell's alleged conduct does not rise to the level of a substantive due process violation.

---

[1] (Doc. 8, at 3).

Defendants' motion to dismiss Roberts' individual capacity § 1983 claim against Bell should be granted, and Count I of the Complaint should be dismissed.

2. Lake County

Roberts also brings a municipal liability claim against Lake County under § 1983. (Doc. 1, at 7-8). Count II of the Complaint alleges that Bell, as the elected Sheriff of Lake County, is the established policymaker for the Lake County Sheriff's Office, and that the policies, customs, and practices he established for handling photographs containing images of deceased persons caused a violation of Roberts' constitutional rights.

"A governmental entity may not be held liable under 42 U.S.C. § 1983 unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). In some cases, a governmental entity may also be held liable for "acts of omission," like failing to develop and implement policies and procedures or failing to adequately train its employees. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010).

Without an underlying constitutional violation, there can be no municipal liability under § 1983. As discussed above, Roberts has not alleged facts showing that Bell violated her substantive due process right. Because Roberts cannot

establish an underlying constitutional violation, she fails to state claim for municipal liability against Lake County under § 1983 and Count II of the Complaint should be dismissed.

**B. State Law Claims**

Roberts also brings state law claims for negligence and violations of the Montana Constitution. (Doc. 1, at 8-10). Assuming her § 1983 claims are dismissed, Roberts will be left only with her state law claims.

Under 28 U.S.C. § 1367(c)(3), the court may decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction." If all claims over which the court has original jurisdiction have been dismissed, whether to exercise supplemental jurisdiction over any remaining state claims is within the discretion of the court.

Particularly in light of the fact that this case is still in its initial stages and present unique issues of Montana substantive law, the Court finds that Roberts' state law claims are more properly addressed in state court. Because Roberts' § 1983 claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over her state law claims and dismiss this action in its entirety.

**IV. Conclusion**

For the reasons set forth above,

IT IS RECOMMENDED that Defendants' motion to dismiss be GRANTED.

DATED this 25th day of July, 2017.

Jeremiah C. Lynch
United States Magistrate Judge